■ JOSEPH PURTA, Individually and as Executor of STANLEY ZYGMUNT, Deceased, et al., Appellants, v LEOKADIA CISZ, Respondent.—In an action, *inter alia,* to declare a deed made by plaintiffs' testator to be a forgery, plaintiffs appeal from an order-judgment of the Supreme Court, Orange County, dated May 6, 1974, which is in favor of defendant, after a nonjury trial. Order-judgment affirmed, with costs. Even if the Trial Justice's statement that plaintiffs had the burden of establishing the validity of the releases in issue were to be deemed erroneous, upon the proof adduced we find that defendant did in fact prove the validity by a fair preponderance of the credible evidence. Cohalan, Acting P. J., Christ, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDIDO CARDONA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 27, 1973, convicting him of possession of gambling records and attempted possession of a dangerous drug in the third degree, upon his guilty plea, and imposing sentence. The appeal brings up for review a decision of the same court, rendered January 12, 1973, which, after a hearing, denied defendant's motion to suppress evidence. Case remanded to Criminal Term to hear and report on the issue of control of the stairway leading to defendant's apartment and appeal held in abeyance in the interim. Defendant's suppression motion was denied on the authority of *People v Ernest E.* (38 AD2d 394). In that case we found, as a fact, that the main entrance, vestibule and staircase leading to the defendant's apartment were reserved to the landlord and were not part of the premises rented to the tenants. Police officers in that area were lawfully there with permission of the landlord's agent and, hence, had a right to seize the narcotics and narcotic implements in open view in the defendant's apartment. The issue of control of the staircase was insufficiently developed at the suppression hearing. Determination of that question is crucial on whether the police officers had a right to be in the area of the two-family house from which they made their observations. Accordingly, the case should be remanded to Criminal Term to hear and report as to this issue. Latham, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

## (March 25, 1975)

■ In the Matter of ALLEN ROSE, Appellant, v PAUL J. REGAN, as Chairman of the New York State Board of Parole, Respondent.—Judgment of the Supreme Court, Dutchess County, dated March 14, 1975 and made upon a decision dated May 9, 1973, affirmed, without costs. No opinion. The notice of appeal dated May 21, 1973 is hereby amended to show that the correct date of the judgment is March 14, 1975; and the notice of appeal has been treated as valid (CPLR 5520, subd. [c]). Latham, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.