■ DENNIS O'NEIL, Appellant, v PATRICIA O'NEIL, Respondent.—In an action in which a judgment of the Supreme Court, Nassau County, was entered June 6, 1974 granting defendant a divorce predicated upon a written separation agreement, plaintiff appeals from so much of the judgment as awarded defendant alimony of $20 per week, child support of $55 per week and a counsel fee of $1,000. Judgment modified, on the facts, by reducing the award for child support to $40 per week and the counsel fee to $500. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion, defendant did not show that the amount provided for in the separation agreement for child support was insufficient (Family Ct. Act, § 461). Further, we find the award of a counsel fee in this simple divorce action to be excessive. Rabin, Acting P. J., Latham, Cohalan, Margett and Christ, JJ., concur.

■ VICKI PATURZO, Respondent, v RAYMOND PATURZO, Appellant.—The respective attorneys for the parties on this appeal from an order of the Supreme Court, Queens County, entered March 7, 1975, have agreed by stipulation dated September 19, 1975, that the appeal be withdrawn, without prejudice to restoration in the event the case not be settled or disposed of by the trial date, October 2, 1975. In accordance with the foregoing, the appeal is deemed withdrawn, without costs and without prejudice to restoration, upon motion, in the event the case not be settled or disposed of by the trial date, October 2, 1975. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CANDIDO CARDONA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered April 27, 1973, convicting him of possession of gambling records and attempted possession of a dangerous drug in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review a decision of the same court, rendered January 12, 1973, which, after a hearing, denied defendant's motion to suppress evidence. By a prior order of this court the case was remanded to Criminal Term for a further hearing and a report to this court on the issue of control of a stairway leading to defendant's apartment, and the appeal has been held in abeyance in the interim *(People v Cardona,* 47 AD2d 850). Such further hearing has been held and the report to this court concludes that the stairway was under defendant's control. Judgment reversed, on the law and the facts, motion granted, and indictment dismissed. At the hearing held at Criminal Term pursuant to this court's prior order, the People conceded that the stairway and vestibule, from which the arresting police officers obtained their view of defendant in the possession of contraband, were parts of the premises leased to defendant. This case is thus distinguishable from *People v Ernest E.* (38 AD2d 394, affd 30 NY2d 884), originally relied upon by Criminal Term. Since the observations of the police officers were made without a warrant from a constitutionally protected place, they did not constitute grounds for defendant's arrest. The suppression motion should therefore have been granted and the indictment dismissed. Latham, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.